IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| AILEAF ASHFORD, | ) | |
| | ) | |
| Plaintiff, | ) | 2:14-CV-01718-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT HAWKINBERRY, LT. PARKER, CAPTAIN WORKMAN, LT. LOWTHER, SGT. RICHTER, SGT. PLETCHER, SGT. FRIEND, ASHLEY COTTON, C.O. DONGILLI, C.O. PELLIS, C.O. EGROS, C.O. DISALVA, C.O. GARLAND, C.O. HALEY, C.O. NEWMAN, SGT BRIAN TANNER, BRIAN COLEMAN, SUPERINTENDENT; ERIC B. PORTER, ADMINISTRATOR OF THE ESTATE OF BRADEN MCKNIGHT; AND CAPTAIN FORTE, | ) | |
| Defendants, | ) | |

## MEMORANDUM ORDER

Plaintiff has filed a Motion for Leave to Take Oral Depositions (ECF No. 85), in which he also requests the Court to appoint counsel to make arrangements for the depositions. Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

To the extent that Plaintiff is moving to take the oral depositions of the remaining Defendants, the request is **GRANTED** and he may do pursuant to Federal Rule of Civil Procedure 30, **in strict compliance with Rule 30.**

To the extent that Plaintiff is requesting that the Court or Defendants arrange for or notice the depositions, the request is **DENIED**, as arranging the depositions is Plaintiff's Rule 30

1

responsibility. To the extent that Plaintiff is requesting that Defendant or the Court pay the fees associated with engaging a court reporter or the preparation of deposition transcripts, the request is **DENIED**.

It is not incumbent upon the Court, or the Defendant, to assume responsibility, logistically or financially, for the depositions Plaintiff wishes to conduct. *See, e.g., Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994). "There is no provision in 28 U.S.C. § 1915 for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Ball v. Struthers*, Civil No. 1:11-CV-1265, 2011 WL 4891026 at *1 (M.D.Pa. Oct. 13, 2011), cited with approval by *Huertas v. Beard*, 1:10-CV-10, 2012 WL 1564513 (W.D. Pa. May 2, 2012). In light of the expense of oral depositions and logistical difficulties presented to an inmate it is often preferable for inmates to seek discovery through depositions by written questions pursuant to Rule 31 of the Federal Rules of Civil Procedure, a copy of which will be mailed to Plaintiff with this Order.

Further, Plaintiff's request for the appointment of counsel for the purpose of arranging depositions, is **DENIED**, without prejudice to be renewed should this case proceed to trial, for the reasons stated in the Court's Order of February 23, 2015. (ECF No. 10).

**AND NOW,** this 13th day of July, 2016:

**IT IS HEREBY ORDERED** that Plaintiff's motion is granted in part and denied in part as explained above.

2

s/ Cynthia Reed Eddy<br>Cynthia Reed Eddy<br>United States Magistrate Judge

cc: AILEAF ASHFORD
DZ-2871
SCI Forest
PO Box 945
Marienville, PA 16239

*Attorney for Defendants*
Yana L. Warshafsky
via CM/ECF electronic filing