IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AILEAF ASHFORD,　　　　　　　　　)
　　　　　　　　　　　　　　　　　) Civil Action No. 14-cv-1718
　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　) United States Magistrate Judge
　　　v.　　　　　　　　　　　　　) Cynthia Reed Eddy
　　　　　　　　　　　　　　　　　)
ROBERT HAWKINBERRY, et al.,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　)

ORDER

**AND NOW**, this 26th day of September, 2017, after consideration of the Plaintiff's motion for summary judgment [ECF No. 128], the Defendants' cross- motion for summary judgment [ECF No. 136], and the attendant briefs, responses, and evidentiary submissions,

**IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' cross-motion for summary judgment is **DENIED in part and GRANTED in part** as follows:

(i) said motion is GRANTED insofar as it relates to: (a) Plaintiff's §1983 claim against Defendants Hawkinberry, Richter, Workman and Parker for allegedly unconstitutional conditions of confinement stemming from Plaintiff's nonfunctioning toilet; (b) Plaintiff's §1983 claim against Defendant Cotton for alleged indifference to Plaintiff's safety; (c) Plaintiff's §1983 claim against Pellis, Parker, and Workman for alleged retaliatory conduct; (d) Plaintiff's §1983 civil conspiracy claim against Hawkinberry, Parker, McKnight, and Coleman predicated on the Defendants' alleged interference with grievance investigations and/or efforts to cover-up unconstitutional conduct; (e) Plaintiff's state law negligence claim against Richter, Lowther, and Forte stemming from Plaintiff's slip and fall in the RHU yard;

(ii) said motion is denied insofar as it relates to: (a) Plaintiff's §1983 claim against Defendants Pletcher, DiSalva, Egros, Pellis, Garland, Dongilli, and Friend for allegedly unconstitutional conditions of confinement stemming from Plaintiff's nonfunctioning toilet; (b) Plaintiff's §1983 claim against Defendants Hawkinberry and Richter for alleged retaliation in the form of denying yard activity; (c) Plaintiff's §1983 claim against Defendant Egros for alleged retaliation in the form of subjecting Plaintiff to a nonfunctioning toilet; (d) Plaintiff's §1983 claim against Defendants Garland, Halley, Newman, McKnight, Pletcher, and Hawkinberry for alleged

1

retaliation in the form of withholding or confiscating Plaintiff's grievance materials; (e) Plaintiff's §1983 claim against Defendant Tanner for alleged retaliation in the form of withholding Plaintiff's magazines; and (f) Plaintiff's §1983 claim against Hawkinberry for allegedly conspiring to retaliate against Plaintiff by depriving him of time in the exercise yard.

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment claim against Defendants Hawkinberry and Richter predicated on the alleged denial of exercise will be dismissed with prejudice pursuant to the directives of 28 U.S.C. §§1915(e)(2)(B) and 1915a.

**IT IS FURTHER ORDERED** that Plaintiff's claims for declaratory relief will be **DISMISSED** as moot.

To summarize, the following Defendants are dismissed from this case with prejudice: Lt. Parker, Captain Workman, Lt. Lowther, Ashley Cotton, Brian Coleman, and Captain Forte.

By the Court,

s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: AILEAF ASHFORD
DZ-2871
SCI Forest
P.O. Box 945
Marienville, PA 16239
via U.S. First Class Mail

*Attorney for Defendants*
Yana L. Warshafsky, Esq.
via CM/ECF electronic filing